UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL BONILLA, an individual,

    Plaintiff,

vs.                                           CASE NO.:

TELI, LLC d/b/a THE PATIO CAFÉ
RESTAURANT, a Florida limited
liability company, and TAULANT
LAKO, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Noel Bonilla ("Plaintiff"), by and through undersigned counsel, sues Defendants, Teli, LLC d/b/a The Patio Café Restaurant ("Patio Café") and Taulant Lako ("Lako") (collectively hereinafter, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier

County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Collier County, Florida. At all times pertinent, Plaintiff worked for Defendant, Patio Café, in Collier County, Florida, as a prep and line cook.

5. Defendant, Patio Café, was and is a Florida limited liability company conducting business in Collier County, Florida, within the jurisdiction of the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

6. Defendant, Lako, was and is an individual who owned and/or operated Defendant, Patio Café, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Patio Café and over Plaintiff, Defendant, Lako, is an employer as defined by 29 U.S.C. § 201 et seq.

7. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8. At all times material, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

10. Defendant, Patio Café, was and is a Florida limited liability company with a principal place of business in Collier County, Florida, and subject to the requirements of the FLSA.

11. Defendants are an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

12. Defendants employ employees that handle goods or materials that have moved in interstate commerce, such as food products, beverages, and restaurant supplies.

13. Defendants employ employees that are individually covered by the FLSA, such as servers that interact daily with non-Florida resident customers, process credit cards from out-of-state banks, and handle cash as part of their job, as well as the employees responsible for making orders through and interacting with food and alcohol vendors.

14. Defendants are in the business of providing food and alcoholic and non-alcoholic drinks to the public that wish to eat and/or drink in Collier County, Florida. Defendant is a relatively large, popular, and busy restaurant, specializing in

different "homemade" and "comfort" foods encompassing breakfast, lunch, and dinner service, and well as service of different varying alcoholic drinks. On its website (patiocafenaples.com/about), Defendants boast "offer[ing the public] full breakfast, fresh crisp salads, our famous burgers, daily sandwiches, delicious soups, hand cut steaks, homemade meatloaf, roasted turkey, seafood, pasta, wine and hand crafted cocktails." Defendants is open for breakfast, lunch, and dinner; Monday – Saturday 7:00 am to 9:00 pm, and Sunday 7:00 am to 3:00 pm. Defendant occupies a large commercial restaurant on the busy corner of Tamiami Trail North and 107th Avenue North in Naples, Florida.

15. Plaintiff regularly prepared food for customers traveling from outside of Florida into Florida.

16. Plaintiff was individually covered by the FLSA.

## GENERAL ALLEGATIONS

17. Defendants employed Plaintiff in Collier County, Florida, as a prep and line cook, for approximately three (3) years ten (10) months, through on or around, January 12, 2022. Plaintiff's primary job duties included preparing food for customers of Defendants.

18. Plaintiff did not satisfy the salary basis requirements for any white-collar exemptions. Plaintiff also did not have discretion over matters of significance, and did not supervise other employees, perform management functions, or provide significant input in the hiring or firing of other employees. Plaintiff also performed predominantly non-office work and manual work. As such, for FLSA purposes,

Plaintiff was not employed in a bona fide executive, professional, or administrative capacity.

19. Plaintiff regularly worked twelve (12) to fourteen (14) hour days, six (6) days per week while employed by Defendant.

20. Plaintiff began to work for Defendants on or about March 3, 2018 and was compensated on an hourly basis of $12.00 per hour. Approximately three (3) months after being hired, Defendants raised Plaintiff's hourly wage to $15.00 an hour. In or about approximately September 2018, Plaintiff's hourly wage was raised to $17.00 an hour. For the past seven (7) months, beginning in approximately June 2021, Defendants compensated Plaintiff on an hourly basis at an hourly rate of $19.00 per hour.

21. Defendants compensated Plaintiff based on his hourly rate for forty (40) hours per week, and then provided Plaintiff a separate check for $1,100.00 bi-weekly to compensate Plaintiff for the overtime hours Plaintiff worked.

22. Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

23. Defendants willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

24. Defendants failed to keep proper time records for certain employees, including Plaintiff.

25. To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendants.

26. Plaintiff has been required to retain counsel to prosecute the claims herein and is obligated to pay counsel reasonable attorneys' fees and costs.

27. All conditions precedent to this action have been satisfied.

### COUNT I
### (Overtime Compensation Due Under the FLSA)

28. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

29. Plaintiff worked more than forty (40) hours in a week one or more weeks during his employment with Defendants.

30. Defendants failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek.

31. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32. Defendants owe Plaintiff unpaid overtime compensation.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendants;

    f.    declare that Plaintiff was a non-exempt employee of Defendants; and

    g.    award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

> *s/ Bradley P. Rothman*
> Bradley P. Rothman, Esq.
> Florida Bar No. 0677345
> brothman@weldonrothman.com
> WELDON & ROTHMAN, PL
> 2548 Northbrooke Plaza Drive
> Naples, Florida 34119
> Tel: (239) 262-2141
> Fax: (239) 262-2342
> *Counsel for Plaintiff*